IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA H. BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2:17-cv-01588-LSC |
| | ) |
| MEDTRONIC, PLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF OPINION AND ORDER**

Plaintiff Joshua H. Boyd ("Boyd") brings the instant action against his former employer, Medtronic, PLC ("Medtronic")[1], alleging claims for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Before this Court is Medtronic's Motion to Dismiss the sex-discrimination claim in count one of Boyd's Complaint (Doc. 7.) The Motion has been fully briefed by the parties and is ripe for review. For the reasons described more fully herein, Medtronic's Motion is due to be denied.

---

[1] Defendant Medtronic has indicated that it was incorrectly styled in the Complaint as Medtronic, PLC, although the entity that employed plaintiff was Medtronic USA, Inc. (Doc. 7 at 1 n.1.)

## I. BACKGROUND[2]

Boyd began his employment with Medtronic, a medical technology company, as an Area Sales Manager in January of 2013. When hired, Boyd's supervisor was Kevin Burke ("Burke"). Under Burke's supervision, Boyd was not subjected to any form of discipline and generally maintained an excellent sales record.

On November 24, 2014 Medtronic's Chief Executive Officer, Omar Ishrak ("CEO Ishrak"), gave a presentation to a Medtronic's women's group called "Aspire". At this presentation, CEO Ishrak stated "our goal should be that we get to fifty-percent [female representation in management] . . . those of you who are managers or in positions where you can do that, please make it a priority." CEO Ishrak did not address the qualifications or merits of female managers at this presentation.

In April of 2015, Kelly Nicholas ("Nicholas"), a new regional vice president ("RVP"), became Boyd's direct supervisor. Under Nicholas's supervision, Boyd achieved 252% of his requisite sales plan, earning him the title of "top-seller," prestige, and pecuniary awards. Despite his status as "top-seller," in April of 2016 Nicholas placed Boyd on a Performance Improvement Plan ("PIP"), Medtronic's

---

[2] In evaluating a motion to dismiss, this Court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012).

progressive discipline system, all the while knowing that doing so would strip Boyd of his "top-seller" position. The title and associated accolades were then awarded to a female coworker. Boyd contested his placement on the PIP and Medtronic conducted an extensive, two-month long investigation.

Before the investigation concluded, but after fully discovering the facts, Boyd notified Medtronic that it was his belief that his placement on the PIP was motivated by Nicholas's gender bias. Nicholas had previously voiced personal gender bias when speaking to a male employee interested in applying for one of the new RVP positions. During this conversation, Nicholas said to the male employee "[y]ou know, [], the only problem you are going to have is you don't have the right gender…they [Medtronic] are looking for." Once the two-month investigation concluded, Boyd's PIP was removed, he was re-designated "top-seller," and he was placed under a new supervisor, RVP Michelle Gaulding ("Gaulding").

When Boyd was placed under Gaulding as of July 2016, Medtronic removed Regional Capital Manager, Chuck Gross ("Gross"), from Gaulding's supervision and placed Gross under Nicholas's supervision. Prior to Gross's transfer, Gaulding had twice tried to replace Gross with two separate female employees and Gross made internal complaints of gender discrimination against Gaulding.

Working under Gaulding meant Boyd would be working in a new region, which required him to set up a new capital sales pipeline and obtain new contacts. As a result, he only achieved thirty-five percent of his sale's quota, whereas in his previous region, he had achieved one-hundred seventy-five percent of his sales quota.

On August 8, 2016 Boyd filed the First Charge against Medtronic for gender discrimination and retaliation. Shortly after Boyd filed his First Charge, Gaulding began using derogatory statements and making false accusations about Boyd to his coworkers by stating "[Boyd] left a mess in the Midwest Region. You know he left behind a log of broken glass." In a conference call to various team leaders, Gaulding also stated "[Boyd] is not allowed in Memorial Hospital." Memorial hospital is one of Medtronic's largest accounts, and if Boyd was banned from entering the premises, it would be detrimental to his and his coworkers'/subordinates' careers.

On or about September 13, 2016, Medtronic notified Boyd of its receipt of his First Charge. Boyd then engaged Medtronic in discussions about his First Charge and his concerns relating to Gaulding's actions. On September 22, 2016, Boyd met with Gaulding and Mark Eller ("Eller"), a Human Resources Representative, to discuss Gaulding's behavior towards Boyd and their working

relationship. During this meeting, Boyd voiced his opposition to Gaulding's gender discrimination and retaliation.

On or about September 30, 2016, CEO Ishrak gave another presentation to Aspire, which Gaulding attended. In line with his April 2015 mandate, CEO Ishrak once again emphasized the advancement of women over men without regard to qualification or merit. At this presentation, CEO Ishrak stated that Medtroinc has ". . . a goal to see forty percent (40% women in leadership positions within Medtronic by 2020)" and they all needed to try to make this happen. CEO Ishrak also stated that ". . . two (2) areas of particular focus, to move the needle, are within the engineering and sales functions."

In order to realize CEO Ishrak's mandate by 2020, Medtronic would need to either more than triple in size or immediately begin terminating males in sales leadership and management roles. On October 5, 2016, five days after CEO Ishrak's second goal presentation, Medtronic placed Boyd on administrative leave for allegedly undermining Gaulding. Boyd contested the discipline and attempted to explain the situation. Unlike the thorough investigation Medtronic conducted when Boyd contested his placement on the PIP, Medtronic's investigation on this matter lasted only five days, only two of which were full business days.

During the investigation, a key witness submitted a statement to Lisa Jones ("Jones"), a Human Resources Representative. This statement would have exonerated Boyd from any wrong doing, but Jones told the witness "she did not have time to read" the statement. On October 10, 2017 Boyd was terminated. Based on these events, count one of Boyd's Complaint asserts a claim of sex discrimination, and more specifically, that his gender was a motivating factor in his placement on administrative leave and termination. (Doc. 1 at 14.)

## II. STANDARD OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, in order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to drag the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th

Cir. 2010) (quotation omitted). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief. *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

### III. DISCUSSION

Medtronic's sole argument is that Boyd has failed to state a claim because he cannot plead a *prima facie* case of discrimination under the standard stated in

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). According to Medtronic, to establish a *prima facie* case of discrimination, Boyd must *plead* the following: 1) that he is a member of a protected class; 2) he was qualified for his position; 3) he was subjected to an adverse employment action; and 4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class (Doc. 7 at 4.) *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003). Under Medtronic's proposed standard, Boyd did not establish a *prima facie* case of discrimination because he did not *plead* that he was replaced by someone outside of his protected class or that a female employee had engaged in the same or substantially similar conduct without being terminated. (Doc. 7 at 5.) Because Boyd did not plead a *prima facie* case of discrimination, Medtronic contends that Boyd's sex discrimination claim in count one of his complaint is due to be dismissed. (*Id*. at 5–6.)

The Supreme Court in *Swierkiewicz v. Sorema N.A.* established that for employment discrimination cases, "the prima facie cause under *McDonnell Douglas*…is an evidentiary standard, not a pleading requirement." 534 U.S. 506, 510 (2002). The *McDonnell Douglas* framework for discrimination cases is specifically concerned with "the order and allocation of *proof* in a private, non-class

action challenging employment discrimination," not the pleading standards of such a case. *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 800). *Swierkiewicz* noted that in no Supreme Court case following *McDonnell Douglas* has the Court "indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standards that plaintiffs must satisfy… to survive a motion to dismiss." *Id.* at 511.

Following *Swierkiewicz*, the Eleventh Circuit has repeatedly held that a Title VII claimant does not have to plead a *prima facie* case to survive a motion to dismiss. *See Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1270–71 (11th Cir. 2004) ("*Swierkiewicz* made clear that pleading a *McDonnell Douglas* prima facie case was not necessary to survive a motion to dismiss . . . .") and *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (". . . [A] Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case.").

While *Jackson* and *Davis* both predate *Iqbal* and *Twombly*, the Eleventh Circuit has reitereated after *Twombly/Iqbal* that *Swierkiewicz* still correctly states the pleading standard for Title VII complaints. In *Surtain v. Hamlin Terrace Foundation*, the Eleventh Circuit reiterated that a claimant "need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case." 789 F.3d

1239, 1246 (11th Cir. 2015) (citing *Swierkiewicz*, 534 U.S. at 511) (internal quotation marks omitted). Instead, "a complaint need only provide enough factual matter (taken as true) to suggest intentional…discrimination." *Id.* (quoting *Davis*, 516 F.3d at 974) (internal quotation marks omitted). *Surtain* reasoned that "[t]his is because *McDonnell Douglas*'s burden-shifting framework is an evidentiary standard, not a pleading requirement." *Id.* (citing *Swierkiewicz*, 534 U.S. at 510). Several non-binding Eleventh Circuit cases likewise urge against granting Medtronic's Motion to Dismiss. *See Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 917 (11th Cir. 2015) (holding that "[t]o withstand a motion to dismiss . . . a plaintiff asserting discrimination under . . . Title VII need not allege specific facts establishing a prima facie case…."); *see also Glover v. Donahoe*, 626 F. App'x 926, 930 (11th Cir. 2015) (holding that ". . . a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case . . ." (quoting *Davis*, 516 F.3d at 974)); *Jacobs v. Biando*, 592 F. App'x 838, 840 (11th Cir. 2014); *Marshall v. Mayor and Alderman of City of Savannah*, 366 F. App'x 91, 100 (11th Cir. 2010).

Despite this precedent, Medtronic's motion to dismiss asserts that the Eleventh Circuit, since *Iqbal* and *Twombly*, has held otherwise. (Doc. 7 at 3-5.) Medtronic cites *Crawford v. City of Tampa,* 397 F. App'x 621, 623–24 (11th Cir. 2010) as "holding that defendant's motion to dismiss was properly granted where

the plaintiff failed to articulate a *prima facie* case of discrimination because she failed to identify an appropriate comparator who received more favorable treatment." (Doc. 7 at 5.) However, the plaintiff's racial discrimination claim in *Crawford* was not dismissed for failure to plead a *prima facie* case. Rather, the defendant was granted summary judgment on this claim only after the plaintiff had sufficient time and notice to conduct discovery and then "failed to identify appropriate comparators." *Crawford*, 397 F. App'x at 623. *Crawford* thus reiterates the general *McDonnell Douglas* standard that does not apply at the motion-to-dismiss stage.

### IV. CONCLUSION

The Eleventh Circuit does not require that a Title VII plaintiff must plead a *prima facie* case of discrimination to survive a Motion to Dismiss. As Medtronic's motion to dismiss (Doc. 7) moves for dismissal solely on the Complaint's failure to articulate a *prima facie* case, it is due to be DENIED.

**DONE** and **ORDERED** on April 26, 2018.

*[signature]*

L. Scott Coogler
United States District Judge

190485